**H. Raymond PALMER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15377.**

Court of Criminal Appeals of Oklahoma.
April 8, 1970.

Martin & Kisner, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

H. Raymond Palmer, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pottawatomie County for the crime of Grand Larceny and from the judgment and sen-

tence fixing his punishment at one year imprisonment in the state penitentiary, he appeals.

■ The evidence adduced on the trial was in substance that the defendant and his wife entered the jewelry store owned by Mr. and Mrs. Ralph Hartoon, located in Tecumseh, Oklahoma, for the purpose of purchasing a watch band. While there, the defendant looked at several new watches which he examined in the presence of Mrs. Hartoon. Mrs. Hartoon did not observe him during the entire time he examined the watches, being distracted by other matters. The defendant purchaser a $35.95 watch, giving a $10.00 check as deposit on it and the balance was charged to him. He and his wife left the store and Mrs. Hartoon became apprehensive about the check and upon inquiry at the bank found that there were insufficient funds on deposit to honor the check. She then discovered that another watch was missing. She notified the authorities who arrested Mrs. Palmer and returned her to the jewelry store where she was identified by Mrs. Hartoon. The missing watch was never found either on Mrs. Palmer or her husband, or at their residence. Mrs. Palmer and her husband were charged, but the charges were dismissed against Mrs. Palmer. This constituted all the competent evidence presented for the jury's consideration, but in addition to the evidence above set forth, the State introduced testimony that subsequent to Mrs. Palmer's arrest, she visited the jewelry store and paid for the missing watch and made restitution on the $10.00 check.

Clearly this evidence should not have been admitted for the jury's consideration since it did not tend to establish that the defendant had taken the watch and it is readily apparent that but for this testimony and the failure of the defendant to testify in his own behalf, which prompted the jury to ask the judge why the defendant had not testified, influenced the jury to return their verdict finding the defendant guilty.

■ While this Court is reluctant to disturb the jury's verdict when there is circumstantial evidence from which the guilt of the defendant might be inferred, we do not believe that the competent evidence adduced on the trial raised more than a suspicion of the defendant's guilt and that it only established that he had an opportunity to take the missing watch.

Finding the competent evidence wholly insufficient to support the verdict of the jury, we are of the opinion that the judgment and sentence rendered in the trial court should be, and the same is hereby, reversed and remanded with instructions to dismiss.

BRETT, P. J., and NIX, J., concur.